Lessee of STEPHENS *against* BEAR and Others.

IN ERROR.

THIS was a writ of error to the Common Pleas of *Lycoming* county.

An order of survey indorsed by the surveyor general upon the copy of an application, which had been entered in the secretary's office, is good evidence, although there is no proof that a copy of the application was ever entered upon the books of the surveyor general. The order is evidence that the application had been sent to the surveyor general by the secretary; and the owner of the location must not suffer by the omission of the former to place it on his books.

**1810.**

Lessee of
STEPHENS
*v.*
BEAR.

Upon the trial of the cause, the counsel for the plaintiff offered in evidence a copy of an application entered in the office of the secretary of the land office, dated the 3d *April* 1769, No. 903, certified by *David Kennedy*, secretary of the land office, under the seal of the office: and also a copy of the same application with an order of survey thereupon, directed by *John Lukens*, surveyor general, to *Charles Lukens* deputy surveyor of the district where the land lay, and now produced by the present deputy surveyor from the papers remaining in his office.

To this evidence the defendants' counsel objected, and the court overruled it, being of opinion that the surveyor general could not direct a survey to be made, except on the authority of some document existing in *his own* office, which in this case did not appear. The plaintiff tendered a bill of exceptions.

*Evans* for the plaintiff in error.

*Huston* for the defendant in error.

TILGHMAN C. J. This cause comes before us on a writ of error to the Common Pleas of *Lycoming* county; and the error assigned is, in the rejection of certain papers offered as evidence on the part of the plaintiff.

The point is clearly stated in the bill of exceptions. [Here the Chief Justice read the opinion of the court of Common Pleas.] There can be no doubt but the certified copy of the *application* was good evidence. The original application is always filed in the office of the secretary of the land office, and by the 3d section of the act of 9th *April* 1781, 1 *St. Laws* 891, copies of deeds, entries, and papers of the land office, " duly attested by the secretary or his deputy, under " hand and seal of office, shall be as good evidence as the ori- " ginal, by law might or could be." The doubt, as appears by the opinion of the president of the court of Common Pleas, arose, on the copy of the application, with the order of survey. This paper was rejected, because the application was not filed in the office of the surveyor general. In order to decide this point, it will be proper to advert to the mode of doing business in the land office. The application or *location* as it is sometimes called, is made and filed in the office of the

secretary of the land office, entered in the books of that office, numbered, and a copy sent to the office of the surveyor general, where it is also entered on the books of that office. The surveyor general has a copy made out in his office, and makes an order of survey on it, which is directed to the deputy surveyor of the district where the land lies. If by neglect or omission of the surveyor general, the application is not entered on his books, the owner of the application must not be injured thereby. It is certain that the application in this case was originally entered in the proper office. That is the foundation of the plaintiff's title. The order of survey follows of course. No part of the purchase money need be paid before the survey. The surveyor general is bound to give the order of survey, on receiving the application from the office of the secretary of the land office. The court of Common Pleas have taken for granted, that the application never was sent to the surveyor general, because there was no evidence of its being entered on the books of his office. But this order of survey, signed by the surveyor general, was satisfactory evidence that the application had been sent to him by the secretary of the land office. At least it was evidence proper to be laid before the jury. If there had been any fraud, or improper practice, it might have been shewn by the adverse party. This is not a new case. Orders of survey, remaining in the offices of the deputy surveyors, have been frequently admitted as evidence, without producing a copy of the application from the office of the surveyor general.

I am therefore of opinion that the papers rejected by the court of Common Pleas, ought to have been admitted as evidence, and that the judgment of that court should be reversed, and a *venire facias de novo* awarded.

YEATES J. and BRACKENRIDGE J. concurred.

Judgment reversed, and
*Venire de Novo.*